# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3205

———————

United States of America,        *

                                *

        Appellee,          *

                                *   Appeal from the United States

     v.                       *   District Court for the Western

                                *   District of Missouri.

Charles M. Gilmore,        *

                                *     [UNPUBLISHED]

        Appellant.       *

———————

Submitted:  April 23, 2004

Filed:  April 28, 2004

———————

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Charles Gilmore appeals the sentence imposed by the district court[1] after he pleaded guilty to possessing a firearm having been convicted of a felony robbery offense and a misdemeanor domestic-violence crime, in violation of 18 U.S.C. §§ 922(g)(1), (9) and 924(a)(2), and making a false written statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The district court sentenced Gilmore to 77 months imprisonment and 3 years

———————

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

supervised release on both counts, to be served concurrently. Gilmore's counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by finding that the shotgun Gilmore possessed was stolen, and thereby enhancing his sentence 2 levels under U.S.S.G. § 2K2.1(b)(4).

The district court did not clearly err in concluding that Gilmore stole the shotgun, based upon the testimony presented at sentencing. See U.S.S.G. § 2K2.1(b)(4); United States v. Sarabia-Martinez, 276 F.3d 447, 450 (8th Cir. 2002) (sentencing judge's determination of witness credibility is virtually unreviewable on appeal); United States v. Martinez, 339 F.3d 759, 761 (8th Cir. 2003) (clear-error review).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____